UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF A PETITION BY RICCI & KRUSE LUMBER COMPANY | Case No. 18-mc-80021-MEJ<br><br>**ORDER RE: PETITION TO PERPETUATE TESTIMONY**<br><br>Re: Dkt. No. 1 |

**INTRODUCTION**

Petitioner Ricci & Kruse Lumber Company seeks an order authorizing it to depose Reginald Ricci for the purpose of perpetuating Mr. Ricci's testimony pursuant to Federal Rule of Civil Procedure 27. Pet., Dkt. No. 1.

**BACKGROUND**

The United States Environmental Protection Agency ("EPA") issued a General Notice Letter to Petitioner concerning a site investigation and remediation for property known as the Yosemite Slough site, located in San Francisco, California. Pet. ¶ 2. Ricci & Kruse is participating in a pre-litigation mediation to resolve a dispute regarding the allocation of the remediation costs for Yosemite Slough. *Id.* ¶ 3. Ricci & Kruse represents that if the mediation is unsuccessful, the EPA or potentially responsible parties will bring an action under § 107(a) or § 113(f) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). *Id.* Such litigation would seek contribution by any potentially responsible parties that are allegedly liable for contamination at Yosemite Slough. *Id.* Given the General Notice Letter and its participation in the mediation, Ricci & Kruse represents it is likely to be named as a defendant in that action. *Id.*

According to Ricci & Kruse, there is a factual question regarding the identity of the entities who may have contributed to the fill material in and around Yosemite Slough. *Id.* This fill material has ostensibly contributed to a significant portion of the contamination at that site. *Id.* If true, this would significantly impact the allocation of any remediation costs. *Id.*

Mr. Ricci is a former owner of Ricci & Kruse, and his family has owned property abutting Yosemite Slough since the 1950s. *Id.* ¶¶ 1, 4. Ricci & Kruse asserts Mr. Ricci has spent most of his life near Yosemite Slough and has witnessed commercial and other activities there. *Id.* ¶ 4. Ricci & Kruse contends Mr. Ricci may have knowledge of other entities – including the United States Navy – that may have contributed to the infilling of Yosemite Slough. *Id.* Ricci & Kruse thus seeks to depose Mr. Ricci about

> [h]istorical information related to the development of the area around Yosemite Slough, including any placement of fill materials in and around that area, the identities of parties who may have engaged in those activities, and the involvement of the United States Navy in the filling of land in and around Yosemite Slough.

*Id.* ¶ 6.

## **LEGAL STANDARD**

Rule 27 provides that "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides." Fed. R. Civ. P. 27(a)(1). The verified petition must demonstrate

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> (B) the subject matter of the expected action and the petitioner's interest;
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1)(A)-(E).

"Unlike other discovery rules, Rule 27(a) allows a party to take depositions prior to litigation if it demonstrates an expectation of future litigation, explains the substance of the

testimony it expects to elicit and the reasons the testimony will be lost if not preserved." *Calderon v. U.S. District Court for the N. District of Cal.*, 144 F.3d 618, 621 (9th Cir. 1998). "If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall permit the deposition to be taken." *Id.* Rule 27 "is generally limited to potential deponents who may be unavailable after a complaint is filed due to such reasons as advanced age, illness, or an indefinite departure from the country." *In re Flash Memory Antitrust Litig.*, 2008 WL 62278, at *5 (N.D. Cal. Jan. 4, 2008).

**DISCUSSION**

Ricci & Kruse's verified Petition establishes it is acting in anticipation of federal court litigation. *See* Pet. ¶ 3. Ricci & Kruse also identify the proposed deponent, Mr. Ricci, and his anticipated testimony. *Id.* ¶ 6.

The Petition, however, fails to establish two other prerequisites for the application of Rule 27. First, it is not clear from the Petition that Mr. Ricci resides in the Northern District of California. *See* Fed. R. Civ. P. 27(a)(1). While the Petition states Mr. Ricci's "address is care of Bassi Edlin Huie & Blum" located in San Francisco, California (Pet. ¶ 6), it is not evident that Mr. Ricci in fact resides at that address. Ricci & Kruse cite no authority establishing a "care of" address satisfies Rule 27(a)'s residency requirement. Second, Ricci & Kruse does not show there is a significant risk that the evidence will be lost if they cannot depose Mr. Ricci. "Among the factors that courts have found to be persuasive in justifying the need to perpetuate testimony are: 1) advanced age or infirmity of witness; 2) the possibility that the witness will not be willing to testify if discovery is delayed; and 3) the uniqueness of the information at issue." *Tennison v. Henry*, 203 F.R.D. 435, 441 (N.D. Cal. 2001) (collecting cases). Ricci & Kruse asserts Mr. "Ricci is over seventy years old[;] therefore it is important for all the parties involved in the mediation to preserve his testimony." Pet. ¶ 4.

Mr. Ricci's age, in and of itself, does not demonstrate an immediate need for the perpetuation of his testimony; for instance, nothing in the Petition suggests he is in poor health. *See, e.g.*, *In re Provident Life & Acc. Ins. Co. to Perpetuate Testimony*, 2013 WL 3946517, at *3 (C.D. Cal. July 26, 2013) ("Petitioner . . . asserts that [the] proposed witness . . . is of 'relatively

3

advanced age' since she was born in 1946. [] Nonetheless, without evidence that the witness' age (i.e., 67 years) or some other condition (e.g., poor health) would prevent the witness from being available to testify at trial, Petitioner's assertion is not sufficient grounds for ordering immediate perpetuation of testimony[.]"); *In re Town of Amenia, N.Y.*, 200 F.R.D. 200, 202 (S.D.N.Y. 2001) (finding "a significant risk that . . . testimony w[ould] be lost if not perpetuated" where witness was "seventy-seven years old and reportedly in ill health, having suffered several heart attacks"). Ricci & Kruse also have not shown that the information they seek from Mr. Ricci is known only to him such that they cannot obtain it from another source.

Accordingly, the Court DENIES the Petition WITHOUT PREJUDICE. Ricci & Kruse may renew their petition, provided they can comply with Rule 27(a)(1)'s requirements. Ricci & Kruse shall also serve any renewed petition on each expected adverse party, including but not limited to Mr. Ricci, and file proof of service thereof. *See* Fed. R. Civ. P. 27(a)(2).

**IT IS SO ORDERED.**

Dated: February 6, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge