UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF A PETITION BY RICCI & KRUSE LUMBER COMPANY | Case No. 18-mc-80021-MEJ<br><br>**ORDER RE: AMENDED PETITION TO PERPETUATE TESTIMONY**<br><br>Re: Dkt. No. 3 |

## INTRODUCTION

Petitioner Ricci & Kruse Lumber Company filed an Amended Petition to Perpetuate the testimony of Reginald Ricci. Am. Pet., Dkt. No. 3. The Court denied Ricci & Kruse's initial petition on the grounds it failed to establish there was an immediate need to depose Mr. Ricci or that Mr. Ricci resided in the Northern District of California. Order at 3-4, Dkt. No. 2. The Court allowed Ricci & Kruse to file an amended petition; the Court also ordered Ricci & Kruse to serve the renewed petition on each expected adverse party, as required by Federal Rule of Civil Procedure 27(a)(2). *Id.*

Ricci & Kruse filed an Amended Petition on February 21, 2018. Am. Pet., Dkt. No. 3. The United States opposes the Amended Petition. Opp'n, Dkt. No. 5. As of the date of this Order, no other party has responded and Ricci & Kruse did not file a reply. *See* Docket. Having considered the parties' positions, the record in this case, and the relevant authority, the Court **DENIES** the Amended Petition.

## BACKGROUND

The United States Environmental Protection Agency ("EPA") issued a General Notice Letter to Petitioner concerning a site investigation and remediation for property known as the

Yosemite Slough site, located in San Francisco, California. Am. Pet. ¶ 2. Ricci & Kruse is participating in a pre-litigation mediation to resolve a dispute regarding the allocation of the remediation costs for Yosemite Slough. *Id.* ¶ 3. If the mediation is unsuccessful, the EPA or other potentially responsible parties will bring an action under § 107(a) or § 113(f) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). *Id.* Potentially responsible parties allegedly liable for contamination at Yosemite Slough would seek likely contribution. *Id.* Given the General Notice Letter and its participation in the mediation, Ricci & Kruse is likely to be named as a defendant in that action. *Id.*

According to Ricci & Kruse, there is a factual question regarding the identity of the entities who may have contributed to the fill material in and around Yosemite Slough. *Id.* This fill material has ostensibly contributed to a significant portion of the contamination at that site. *Id.* If true, this would significantly impact the allocation of any remediation costs. *Id.*

Mr. Ricci is a former owner of Ricci & Kruse and a party to the mediation. *Id.* ¶¶ 1, 4; Ricci Decl. ¶ 1, Dkt. No. 3-1. His family has owned property abutting Yosemite Slough since the 1950s. Am. Pet. ¶ 4. Ricci & Kruse asserts Mr. Ricci has spent most of his life near Yosemite Slough and has witnessed commercial and other activities there. *Id.* Ricci & Kruse contends Mr. Ricci may have knowledge of other entities – including the United States Navy – that may have contributed to the infilling of Yosemite Slough. *Id.* Mr. Ricci may be the only individual with knowledge of these issues. *Id.*

Ricci & Kruse thus seeks to depose Mr. Ricci about

> [h]istorical information related to the development of the area around Yosemite Slough, including any placement of fill materials in and around that area, the identities of parties who may have engaged in those activities, and the involvement of the United States Navy in the filling of land in and around Yosemite Slough.

*Id.* ¶ 6. Ricci & Kruse represent Mr. Ricci is "willing and able to provide this testimony."[1] *Id.* ¶ 4.

---

[1] Mr. Ricci does not so state in his Declaration. *See* Ricci Decl.

2

**LEGAL STANDARD**

Rule 27 provides that "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides." Fed. R. Civ. P. 27(a)(1). The verified petition must demonstrate

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> (B) the subject matter of the expected action and the petitioner's interest;
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1)(A)-(E).

"Unlike other discovery rules, Rule 27(a) allows a party to take depositions prior to litigation if it demonstrates an expectation of future litigation, explains the substance of the testimony it expects to elicit and the reasons the testimony will be lost if not preserved." *Calderon v. U.S. District Court for the N. District of Cal.*, 144 F.3d 618, 621 (9th Cir. 1998). "If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall permit the deposition to be taken." *Id.* Rule 27 "is generally limited to potential deponents who may be unavailable after a complaint is filed due to such reasons as advanced age, illness, or an indefinite departure from the country." *In re Flash Memory Antitrust Litig.*, 2008 WL 62278, at *5 (N.D. Cal. Jan. 4, 2008).

**DISCUSSION**

The Amended Petition cures some of the defects identified in the Court's prior Order: it establishes that Mr. Ricci resides in the Northern District of California and shows that Mr. Ricci's age and health create some urgency in deposing him. Am. Pet. ¶¶ 1, 4; Ricci Decl. ¶¶ 2-4.

The United States argues the Amended Petition should nevertheless be denied because (1) Ricci & Kruse did not serve each expected adverse party, (2) Mr. Ricci's deposition is not necessary, and (3) Ricci & Kruse fails to sufficiently describe Mr. Ricci's anticipated testimony.

Opp'n at 2-4.

Ricci & Kruse fails to establish that all expected adverse parties have been served. The Amended Petition vaguely alludes to "multiple other entities" participating in the mediation, but it does not identify who those persons or entities are. Am. Pet. ¶ 3. Ricci & Kruse asserts that "its status as a current mediation participant and recipient of the General Notice Letter" makes it "likely to be named a defendant in" the anticipated litigation. *Id.* As "contribution would be sought by any potentially responsible parties alleged to be liable for the contamination" (*id.*), it is reasonable to expect that other mediation participants may be adverse parties. But as the Amended Petition fails to identify the mediation participants, the record does not permit the Court to conclude that the service list identifies all expected adverse parties. *See* Proof of Service, Dkt. No. 3-2; *see also* Fed. R. Civ. P. 27(a)(1)(D) ("The *petition* . . . must show . . . the names . . . of the persons whom the petitioner expects to be adverse parties and their addresses. . . ." (emphasis added)). Indeed, the Amended Petition makes it clear that at least one expected adverse party has not been served. Ricci & Kruse asserts "there is a likelihood that the EPA . . . will bring an action under" CERCLA against it. Am. Pet. ¶ 3. The EPA, as the would-be plaintiff, is therefore an expected adverse party. Ricci & Kruse's Proof of Service does not show the EPA was served with the Amended Petition.

Accordingly, the Court again cannot find the Amended Petition complies with Rule 27's notice and service requirements. Denial is thus warranted on this ground, and the Court declines to consider the United States' remaining arguments.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Amended Petition. The Court will allow Ricci & Kruse one final opportunity to amend the petition, on the condition that they can demonstrate full compliance with Rule 27.

**IT IS SO ORDERED.**

Dated: March 19, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge

4